**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

RONALD COX,

    Plaintiff,

v.                                                            Case No: 8:15-cv-1111-T-24AEP

HOVG, LLC,
d/b/a BAY AREA CREDIT SERVICES

    Defendant.

_____

## ORDER

This cause comes before the Court on Defendant HOVG, LLC, d/b/a/ Bay Area Credit Services' Motion to Dismiss (Dkt. 9), and Plaintiff Ronald Cox's Response in Opposition (Dkt. 11). The Court, having reviewed the motion, response, and being otherwise advised, concludes that the complaint should be dismissed without prejudice.

**I.  STANDARD OF REVIEW**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint state "a short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff must make sufficient factual allegations "to a state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007). Plausibility requires that the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the [defendant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "The complaint need not include detailed factual allegations, but it must set forth more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Christman v. Walsh*, 416 F. App'x 841, 844 (11th Cir. 2011) (internal quotation marks and citation omitted).

The Eleventh Circuit suggests that district courts undertake a two-step approach in evaluating a motion to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (citation omitted). Accordingly, all "legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010).

**II.    DISCUSSION**

Defendant argues that the complaint should be dismissed because it fails to give Defendant proper notice of the claims against it and because it is a shotgun pleading. (Dkt. 9, p. 4). In addition, Defendant argues that the allegations are conclusory and fail to state a claim for relief under Federal Rule of Civil Procedure 8(a)(2). This Court agrees.

The complaint alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA") when it contacted Plaintiff. As an initial matter, to the extent that Plaintiff alleges Defendant violated the FDCPA, Plaintiff fails to cite specific sections that were violated by Defendant's alleged conduct. Instead, Plaintiff merely alleges that Defendant's actions violated the entire FDCPA "generally", (Dkt. 1, ¶ 61), and cites to the FDCPA's section on Congressional findings and declaration of purpose, 15 U.S.C. 1692(c) and (d), without explanation. These allegations fall woefully short of providing Defendant fair notice of Plaintiff's claims under the FDCPA and the grounds upon which they rest. *See Twombly*, 550 U.S. at 555. Plaintiffs must cite to specific sections of the statutes under which they are seeking relief in order to adequately state a claim for relief under Federal Rule of Civil Procedure 8(a)(2).

Plaintiff's factual allegations are also deficient. Plaintiff's complaint sets out a series of factual allegations, many of which are multiple choice alternatives. For example: "Defendant maintains a policy in regards to the handling of incoming mail." (Dkt. 1, ¶ 23). "Defendant does not maintain a policy of handling incoming mail." (Dkt. 1, ¶ 24). For the few factual allegations that have some relevance, such as the allegation that "Defendant contacted Plaintiff's cell phone on at least 18 times between August 5, 2013, and September 24, 2013", (Dkt. 1, ¶ 58), Plaintiff does not include dates, times, or sufficient information to allow Defendant to reasonably respond. Additionally, the facts as currently plead do not indicate how the alleged calls were harassing or that Defendant contacted Plaintiff after September 24, 2013, the date Plaintiff allegedly sent a cease and desist letter to Defendant. Because Plaintiff has failed to plead sufficient factual content to allow the Court to draw reasonable inferences that Defendant is liable for the alleged misconduct, the complaint must be dismissed. *See Iqbal*, 556 U.S. at 678.

### III.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (Dkt. 9) is **GRANTED** without prejudice as to all counts. Plaintiff shall file an amended complaint by July 21, 2015. The amended complaint should allege specific facts regarding the time, frequency, and dates of Defendant's calls and whether Defendant made any other calls after Plaintiff sent the cease and desist letter. Plaintiff should also state the specific sections of the FDCPA and the FCCPA he is alleging the Defendant violated. Plaintiff should not plead multiple choice alternatives.

**DONE AND ORDERED** at Tampa, Florida, this 7th day of July, 2015.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

3

Copies To: Counsel of Record and Parties